UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | * | CRIMINAL NO: 21-00057-01 |
|---|---|---|
| VERSUS | * | JUDGE WALTER |
| DEBORAH COOKSEY | * | MAGISTRATE JUDGE HORNSBY |

**GOVERNMENT'S LIST OF FORESEEABLE ISSUES,
VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

NOW INTO COURT, through undersigned counsel, comes the United States of America and respectfully provides the following information:

1. Plea Negotiations: The United States has extended a plea offer to the Defendant. The United States was recently made aware that the defendant filed amended tax returns for the tax year 2013 and 2014. The United States has located said returns received by the IRS on June 15, 2021 and is in the process of evaluating them. There is a possibility this matter will be resolved short of trial; however, the United States has not received a signed plea agreement to date. Thus, without an additional extension of the plea deadline, the United States anticipates that this matter will proceed to trial.

2. Estimated time required at trial: The Court has scheduled trial to begin on October 4, 2021. The United States anticipates that it will take approximately three to four days to present its case-in-chief.

3. Discovery: The United States is not aware of any discovery issues and has provided discovery to counsel for the defendant and will continue to fulfill its

1

discovery obligations. The defendant has produced some reciprocal discovery to the United States.

4. Jencks: The United States will provide Jencks Act material to counsel for the defendant prior to trial in accordance with local court rules.

5. Evidentiary issues: The United States does not anticipate any evidentiary issues that will need to be resolved in advance of the trial date.

6. Evidentiary foundations: The United States believes that it would be beneficial for the parties to reach an agreement as to evidentiary foundations for some trial exhibits and is willing to enter into stipulations of fact and exhibits where the parties are able to agree. The United States intends to use all admissible evidence in this case.

7. Voir dire: The United States believes that the voir dire questions customarily used by the Court during jury selection should be sufficient in this case with additional emphasis by the Court on issues that potential jurors may have had with the Internal Revenue Service. However, the Government reserves the right to pose voir dire questions during the jury selection process, if permitted by the Court.

8. Jury instructions: The United States request the following 2019 Fifth Circuit Instructions in addition to the Court's general instructions:

   1.01 – Preliminary Instruction

   1.02 – Note-Taking by Jurors (Alternative A)

   1.03 – Introduction to Final Instructions

1.04 – Duty to Follow Instructions

1.05 – Presumption of Innocence, Burden of Proof, Reasonable Doubt

1.06 – Evidence – Excluding What is Not Evidence

1.08 – Evidence – Inferences – Direct and Circumstantial (Alternative A)

1.09 – Credibility of Witnesses

1.18 – Expert Opinion of Testimony

1.19 – On or About

1.21 – Caution – Consider Only Crime Charged

1.22 – Caution – Punishment

1.23 – Single Defendant – Multiple Counts

1.26 – Duty to Deliberate

1.40 – Materiality

1.41 – Knowingly

1.43 – Willfully

1.51 – Summaries and Charts Received in Evidence

2.104A – False Statement on Income Tax Return

In addition to the pattern Jury Instructions, the United States requests the following instructions:

## **Proposed Instruction 1**

The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him or her.

In general, the word "subscribe" simply means the signing of one's name to a document. In the case of an electronically filed tax return, an electronic signature made in accordance with guidance published by the Internal Revenue Service is for all purposes the same as a written signature on a paper tax return.

The defendant need not personally sign a tax return to be guilty under Section 7206(1), so long as he or she authorized the filing of the return with his or her name subscribed.

If you find beyond a reasonable doubt from the evidence in the case that the defendant signed the tax return in question, then you may also draw the inference and may also find, but are not required to find, that the defendant knew of the contents of the return that he or she signed.

**Sources:**

26 U.S.C. § 6064 (signature presumed authentic);

*Cashio v. United States*, 420 F.2d 1132, 1135 (5th Cir. 1969) (same);

26 U.S.C. § 6061(b)(1) (authorizing electronic signatures);

*United States v. Harrison*, 663 Fed. Appx. 460, 467 n. 1 (6th Cir. 2016) (electronic signatures);

*United States v. Ponder*, 444 F.2d 816, 822 (5th Cir. 1971) (defendant may authorize filing of tax return with name subscribed to it);

*United States v. Romanow, 509 F.2d 26, 27 (1st Cir. 1975) (jury may infer from signature on return that defendant knew of its contents);*

*Wainwright v. United States*, 448 F.2d 984, 986 (10th Cir.1971) (same);

*United States v. Gaines*, 690 F.2d 849, 853 (11th Cir.1982) (same);

2B Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 67.22 (6th. ed. 2008).

Respectfully submitted this 27th day of August, 2021,

>ALEXANDER C. VAN HOOK
>Acting United States Attorney
>Western District of Louisiana
>
>*/s/ Mary J. Mudrick*
>MARY J. MUDRICK
>LA Bar NO. 01992
>Assistant United States Attorney
>300 Fannin Street, Suite 3201
>Shreveport, Louisiana 71101
>(318) 676-3600

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of August, 2021, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing was sent by operation of the CM/ECF system to all counsels of law.

>*s/ Mary J. Mudrick*
>MARY J. MUDRICK
>Assistant United States Attorney